H. A. WHITE v. STATE.

No. A-1427.  Opinion Filed December 14, 1912.

Appeal from Superior Court, Grady County;
Will Linn, Judge.

Thos J. O'Neill, for plaintiff in error.

Chas. West, Atty. Gen., and John H. Venable, Co. Atty., for the State.

PER CURIAM.  H. A. White, the plaintiff in error, was convicted in the superior court of Grady county of a violation of the prohibition law, and sentenced to serve a term of 30 days in the county jail and to pay a fine of fifty dollars. The judgment and sentence was entered on the 6th day of May, 1911. From this judgment an appeal was attempted to be taken by filing in this court on September 16, 1910, a petition in error with case-made. The Attorney General has filed a motion to dismiss the appeal for want of jurisdiction. In view of the fact that more than one hundred and twenty days elapsed from the rendition of the judgment before the petition in error was filed in this court, we are without jurisdiction to entertain the appeal, and the motion to dismiss the appeal must be sustained. The purported appeal is therefore dismissed and the superior court of Grady county is directed to proceed with the execution of its judgment.

---

BILLY JERNIGAN v. STATE.

No. A-1284.  Opinion Filed December 14, 1912.

Appeal from Superior Court, Logan County;
S. S. Lawrence, Judge.

McGuire & Smith, for plaintiff in error.

PER CURIAM.  Billy Jernigan, the plaintiff in error, was at the April, 1911, term of the superior court of Logan county convicted of the crime of selling to one J. J. Oliver one pint of beer, and was on May 27, 1911, sentenced to be confined in the county jail for the term of thirty days and to pay a fine of fifty dollars and costs. From this judgment an appeal was taken. Plaintiff in error alleges that he could not and did not have a fair and impartial trial for the reason that the court erred in forcing him to be tried before a prejudiced and disqualified jury, the majority of whom had by their verdict in the case of State v. Selstrom heard the same evidence as adduced in this case as to the purported sale of the beer to the prosecuting witness. The proof on the part of the prosecution made out a clear case of the sale of the beer as charged. There was no evidence offered on the part of the defendant. Under this evidence the jury could not do otherwise than convict. The judgment of the court below is affirmed.